**In re Alphonso Michael (Mike) ESPY.**

**Division No. 94–2.**

United States Court of Appeals, District of Columbia Circuit.

(Division for the Purpose of Appointing Independent Counsels Ethics in Government Act of 1978, as Amended).

April 1, 1996.

Before: SENTELLE, Presiding, and BUTZNER and FAY, Senior Circuit Judges.

Opinion for the Special Court filed PER CURIAM.

PER CURIAM:

Independent Counsel Donald C. Smaltz submits an application for referral of a related matter under section 594(e) of the Ethics in Government Act of 1978, as amended, 28 U.S.C. § 591–599 (1994) ("the Act"). For the reasons set forth below, the application is granted.

## INTRODUCTION

This court appointed Donald C. Smaltz as Independent Counsel ("IC") in the matter *In re Alphonso Michael (Mike) Espy,* No. 94–2, on September 9, 1994, in response to the Attorney General's application under section

592(c)(1)(A) for the appointment of an independent counsel with the authority to investigate whether Alphonso Michael (Mike) Espy, Secretary of Agriculture, committed a violation of any federal criminal law relating in any way to the acceptance of gifts by him from organizations or individuals with business pending before the Department of Agriculture. The order appointing IC Smaltz set forth his jurisdiction as follows:

Donald C. Smaltz ... is hereby appointed Independent Counsel with full power, independent authority, and jurisdiction to investigate to the maximum extent authorized by the Independent Counsel Reauthorization Act of 1994 whether Alphonso Michael (Mike) Espy, Secretary of Agriculture, has committed a violation of any federal criminal law, other than a Class B or C misdemeanor or infraction, relating in any way to the acceptance of gifts by him from organizations or individuals with business pending before the Department of Agriculture.

The Independent Counsel shall have jurisdiction and authority to investigate other allegations or evidence of violation of any federal criminal law, other than a Class B or C misdemeanor or infraction, by any organization or individual developed during the Independent Counsel's investigation referred to above and connected with or arising out of that investigation.

The Independent Counsel shall have jurisdiction and authority to investigate any violation of 28 U.S.C. § 1826, or any obstruction of the due administration of justice, or any material false testimony or statement in violation of federal criminal law, in connection with any investigation of the matters described above.

The Independent Counsel shall have jurisdiction and authority to seek indictments and to prosecute any organizations or individuals involved in any of the matters described above, who are reasonably believed to have committed a violation of any federal criminal law arising out of such matters, including organizations or individuals who have engaged in an unlawful conspiracy or who have aided or abetted any federal offense.

The Independent Counsel shall have all the powers and authority provided by the Independent Counsel Reauthorization Act of 1994. It is

FURTHER ORDERED by the Court that the Independent Counsel, as authorized by 28 U.S.C. § 594, shall have prosecutorial jurisdiction to fully investigate and prosecute the subject matter with respect to which the Attorney General requested the appointment of independent counsel, as hereinbefore set forth, and all matters and individuals whose acts may be related to that subject matter, inclusive of authority to investigate and prosecute federal crimes (other than those classified as Class B or C misdemeanors or infractions) that may arise out of the above described matter, including perjury, obstruction of justice, destruction of evidence, and intimidation of witnesses.

IC Smaltz has filed an application for referral of a related matter pursuant to section 594(e). This section provides

An independent counsel may ask the Attorney General or the division of the court to refer to the independent counsel matters related to the independent counsel's prosecutorial jurisdiction, and the Attorney General or the division of the court, as the case may be, may refer such matters. If the Attorney General refers a matter to an independent counsel on the Attorney General's own initiative, the independent counsel may accept such referral if the matter relates to the independent counsel's prosecutorial jurisdiction. If the Attorney General refers any matter to the independent counsel pursuant to the independent counsel's request, or if the independent counsel accepts a referral made by the Attorney General on the Attorney General's own initiative, the independent counsel shall so notify the division of the court.

28 U.S.C. § 594(e). In the application, IC Smaltz states that, during the course of his investigation, he has developed substantive evidence of violations of federal criminal law by associates of Secretary Espy in matters related to the original grant of jurisdiction wherein the persons involved, patterns of conduct, witnesses, underlying facts, and ap-

plicable law overlap with his investigation of whether Secretary Espy accepted gifts from organizations or individuals with business pending before the Department of Agriculture.

The Department of Justice ("DOJ") opposes IC Smaltz's application for referral on two grounds. First, DOJ argues that section 594(e) must be read to require the concurrence of the Attorney General before this court can refer related matters to an independent counsel. Second, DOJ maintains that the new matter is not sufficiently connected to IC Smaltz's original grant of jurisdiction to meet section 594(e)'s requirement that the matter to be referred be related to the independent counsel's current prosecutorial jurisdiction.

## DISCUSSION

### A. Can the court refer a related matter under section 594(e)?

■ As noted above, section 594(e) gives an independent counsel a choice between asking the Attorney General or the special division for referral of a related matter and further states that either the Attorney General or the court may refer such matters. Reminding the court that "it is the duty of federal courts to construe a statute in order to save it from constitutional infirmities," *Morrison v. Olson,* 487 U.S. 654, 682, 108 S.Ct. 2597, 2614, 101 L.Ed.2d 569 (1988), DOJ maintains that the section must be interpreted as requiring the concurrence of the Attorney General in such a referral to avoid the constitutional problems that would be created by permitting judicial allocation of prosecutorial jurisdiction over the objection of the Executive Branch. *See, e.g., United States v. Nixon,* 418 U.S. 683, 693, 94 S.Ct. 3090, 3100, 41 L.Ed.2d 1039 (1974) (noting that the Executive Branch has exclusive authority to decide whether to prosecute a case); *Morrison v. Olson,* 487 U.S. at 680, 108 S.Ct. at 2613 (observing that one

purpose of prohibiting a court's exercise of executive or administrative duties of a nonjudicial nature is to maintain the separation between the Judiciary and the other branches of government by ensuring that judges do not encroach upon executive or legislative authority). In *Morrison v. Olson,* the Court considered the various powers the Act bestowed on this court and concluded that they "do not impermissibly trespass upon the authority of the Executive Branch." 487 U.S. at 680–81, 108 S.Ct. at 2613. This, in turn, lead the Court to the conclusion that the Act as a whole "does not violate the separation-of-powers principle by impermissibly interfering with the functions of the Executive Branch." *Id.* at 696–97, 108 S.Ct. at 2622. DOJ argues that construing section 594(e) as IC Smaltz urges, however, would constitute a significant encroachment on executive power and would therefore violate the separation-of-powers principles elucidated in *Morrison v. Olson.*

In *In re Olson,* 818 F.2d 34, 47 (D.C.Cir. 1987), the court considered a previous version of section 594(e) [1] and concluded that it could not refer a matter that the Attorney General had already determined under section 592(b)(1) should not be pursued. Though recognizing that *Olson* does not plainly dispose of the instant question because the Attorney General has not already determined under section 592(b)(1) that the instant matter should not be pursued, DOJ argues that *Olson*'s logic leads to the conclusion that the affirmative concurrence of the Attorney General is required before the court can refer any matter to an independent counsel. Otherwise, DOJ asserts, an independent counsel, going directly to the court for authority over additional matters, as IC Smaltz has done, could sidestep the restrictions imposed by *Olson* and implied by the overall structure of the Act. *See id.* at 47 (observing that to permit the court to refer allegations to the IC when the Attorney General has specifically determined under sec-

1. The previous version of section 594(e) (1982) read as follows: "A[n] independent counsel may ask the Attorney General or the division of the court to refer matters related to the independent counsel's prosecutorial jurisdiction. A[n] independent counsel may accept referral of a matter

by the Attorney General, if the matter relates to a matter within such independent counsel's prosecutorial jurisdiction as established by the division of the court. If such a referral is accepted, the independent counsel shall notify the division of the court."

tion 592(b)(1) that those allegations should not be pursued would undercut the intent of section 592(b)(1) and "permit the accomplishment by indirect means of a result that the statute prohibits being accomplished by direct means").

IC Smaltz responds that the statute must be interpreted in accordance with its plain meaning, noting that "[c]ourts are not authorized to rewrite a statute because they might deem its effects susceptible of improvement." *Badaracco v. Commissioner of Internal Revenue*, 464 U.S. 386, 398, 104 S.Ct. 756, 764, 78 L.Ed.2d 549 (1984). The requirement of the Attorney General's affirmative concurrence in a referral appears nowhere in the statute, and IC Smaltz argues that DOJ's request that the statute be interpreted to include such a requirement is no more than a demand that this court legislate into the statute a provision that Congress was at pains to exclude, as evidenced by the legislative history of the amendments to section 594(e) following the decision in *Olson*. Specifically, IC Smaltz argues that in 1987, after *Olson*, Congress proposed amendments to section 594(e), with the Senate version requiring the Attorney General's approval both for a referral under section 594(e) and for an expansion of jurisdiction under section 593(c) and the House version not requiring the Attorney General's approval under either section. IC Smaltz characterizes the resulting amendment as a compromise, under which the Attorney General's approval was required for section 593(c) expansions but not for section 594(e) referrals. *See* H.R.Conf.Rep. No. 452, 100th Cong., 1st Sess. (1987), *reprinted in* 1987 U.S.C.C.A.N. 2150, 2195. Accordingly, IC Smaltz maintains that when Congress amended section 594(e), it clarified that the Attorney General's approval is not required for referrals under that section.

 It is certainly true that a court is bound to construe a statute to save it from constitutional infirmities. *Morrison v. Olson*, 487 U.S. at 682, 108 S.Ct. at 2614. "It is equally true, however, that this canon of construction does not give a court the prerogative to ignore the legislative will in order to avoid constitutional adjudication," *Commodity Futures Trading Commission v.*

*Schor*, 478 U.S. 833, 841, 106 S.Ct. 3245, 3251, 92 L.Ed.2d 675 (1986), and a court must not carry this precept to the point of judicially rewriting a statute. *Aptheker v. Secretary of State*, 378 U.S. 500, 515, 84 S.Ct. 1659, 1668, 12 L.Ed.2d 992 (1964). The plain language of section 594(e) in no way suggests that the concurrence of the Attorney General is required before the court can refer a related matter to an independent counsel upon the counsel's request; rather, it plainly contemplates the opposite. The section states, "An independent counsel may ask the Attorney General *or the division of the court* to refer to the independent counsel matters related to the independent counsel's prosecutorial jurisdiction, and the Attorney General *or the division of the court, as the case may be*, may refer such matters." 28 U.S.C. § 594(e) (emphasis added). "Canons of construction ordinarily suggest that terms connected by a disjunctive be given separate meanings," *Reiter v. Sonotone Corporation*, 442 U.S. 330, 339, 99 S.Ct. 2326, 2331, 60 L.Ed.2d 931 (1979), and a statute written in the disjunctive is generally construed as "setting out separate and distinct alternatives." *United States v. Behnezhad*, 907 F.2d 896, 898 (9th Cir.1990). Thus, Congress' use of the disjunctive "or" in this section (twice) indicates it gave the independent counsel a choice between going to the Attorney General or to the court for a referral and that the Attorney General or the court could grant such a referral.

Notably, the section also carefully specifies that if the Attorney General refers a related matter to the independent counsel pursuant to the counsel's request or the independent counsel accepts a referral from the Attorney General on the Attorney General's own initiative, "the independent counsel shall so notify the division of the court." 28 U.S.C. § 594(e). It is simply too great a stretch to believe that Congress would *explicitly* spell out the independent counsel's relatively minor duty of notifying the court when he or she receives a referral from the Attorney General but then, in the same section, *implicitly* impose on the court the major duty of conferring with the Attorney General and getting her concurrence before referring a related matter.

The previous version of section 594(e) stated that the independent counsel "may ask the Attorney General or the division of the court to refer matters related to the independent counsel's prosecutorial jurisdiction." 28 U.S.C. § 594(e) (1982). Congress amended this sentence by adding "and the Attorney General or the division of the court, as the case may be, may refer such matters." 28 U.S.C. § 594(e) (1994). In short, by its plain meaning, the amendment to section 594(e) after this court's decision in *Olson* clarified that the section permits the court to refer a related matter to an independent counsel without the concurrence of the Attorney General. *See* H.R.Conf.Rep. No. 452, *reprinted in* 1987 U.S.C.C.A.N. at 2194–95 (explaining that for related matters, the independent counsel "must apply to the special court or ask the Attorney General for a referral" and that for "matters outside the scope of the independent counsel's jurisdiction, he or she must forward the information to the Attorney General for the conduct of a preliminary investigation which could result in the expansion of that independent counsel's jurisdiction or the appointment of a new independent counsel"). The amendment addressed the concerns raised by *Olson* regarding an independent counsel's ability to gain by indirect means a grant of jurisdiction that was prohibited by direct means. It did so by clarifying that to obtain expanded jurisdiction over unrelated matters not covered by the original grant of prosecutorial jurisdiction, an independent counsel must follow the requirements of section 593(c)(2) and submit the information to the Attorney General, who then conducts a preliminary investigation. Matters that are related to the independent counsel's prosecutorial jurisdiction, however, are governed by section 594(e) and the IC may either ask the Attorney General or the court for a referral and "the Attorney General or the division of the court, as the case may be, may refer such matters."

In sum, we conclude that to construe the statute as DOJ urges would amount to judicially rewriting it, and this we will not do, even to avoid constitutional difficulties.

**B. What is a referral of a related matter by the court under section 594(e)?**

Having determined that under the Act the court can refer a related matter to an independent counsel under section 594(e) without the concurrence of the Attorney General, we must consider how to determine what constitute related matters. In this inquiry we will address some of the constitutional concerns raised by DOJ in the previous discussion.

When the court in *Olson* decided that it could not refer to the Independent Counsel a matter the Attorney General had already twice refused to pursue, it then considered whether IC Morrison's original grant of jurisdiction already covered the matter over which she sought the referral. 818 F.2d at 47–48. After reviewing the Independent Counsel's original grant of jurisdiction, the court concluded that the Attorney General's failure to refer certain allegations against specific parties alleged to have conspired with Olson "simply cannot impinge upon the Independent Counsel's current jurisdiction," which included the power to investigate other allegations arising out of the investigation, such as whether Olson conspired with others to withhold information. *Id.* Thus, the court could not amend the IC's jurisdiction to permit investigation of the specific parties as "separate subjects," but it could clarify that the IC had the authority to investigate those parties as part of an alleged conspiracy that included Olson. *Id.* In *Morrison v. Olson,* the Supreme Court reviewed whether this court in *Olson* had the power to expound on the reach of IC Morrison's original grant of jurisdiction and determined that it did, reasoning that "the power to 'reinterpret' or clarify the original grant may be seen as incidental to the court's referral power. After all, in order to decide whether to refer a matter to the counsel, the court must be able to determine whether the matter falls within the scope of the original grant." 487 U.S. at 685 n. 22, 108 S.Ct. at 2615 n. 22. The Court also observed that section 594(e) does not empower this court to expand an independent counsel's jurisdiction, but rather, to refer matters that are related to his or her prosecutorial jurisdiction, "as already de-

fined." *Id.* at 680 n. 18, 108 S.Ct. at 2613 n. 18.

█ The plain language of section 594(e), the structure of the amended Act, and the legislative history of the amendment to the section discussed above, along with the Court's observations about the section in *Morrison v. Olson,* lead us to the following understanding of what constitutes a referral of a related matter by this court under the Act. In referring a related matter, this court is interpreting, but not expanding, the independent counsel's original prosecutorial jurisdiction, thus permitting the court to make explicit the independent counsel's jurisdiction over a matter that was implicitly included in the original grant of prosecutorial jurisdiction.[2] Accordingly, this court's referral power under section 594(e) does not exceed the boundaries of our power to define an independent counsel's jurisdiction as delineated in *Morrison v. Olson,* 487 U.S. at 679, 108 S.Ct. at 2612–13, and avoids the constitutional difficulties identified by DOJ that arise when executive duties of a nonjudicial nature are imposed on judges holding office under Article III of the Constitution. *See Buckley v. Valeo,* 424 U.S. 1, 123, 96 S.Ct. 612, 684–85, 46 L.Ed.2d 659 (1976). This construction is bolstered by the requirement in section 593(b)(3) that the court, when defining an independent counsel's prosecutorial jurisdiction, "assure that the independent counsel has adequate authority to fully investigate and prosecute the subject matter with respect to which the Attorney General has requested the appointment of the independent counsel, *and all matters related to that subject matter.*" 28 U.S.C. § 593(b)(3) (emphasis added); *see also United States v. Wilson,* 26 F.3d 142, 148 (D.C.Cir.1994), *cert. denied,* — U.S. —, 115 S.Ct. 1430, 131 L.Ed.2d 311 (1995). This is why the scope of an independent counsel's jurisdiction "can be both wide in perimeter and fuzzy at the borders." *Wilson,* 26 F.3d at 148.

█ We must next consider what qualifies as a related matter under the statute and within the confines of this court's power to define an independent counsel's jurisdiction. In *Morrison v. Olson,* the Court stated that Congress could not give this court unlimited discretion to determine the independent counsel's jurisdiction and held that "[i]n order for the Division's definition of the counsel's jurisdiction to be truly 'incidental' to its power to appoint, the jurisdiction that the court decides upon must be demonstrably related to the factual circumstances that gave rise to the Attorney General's investigation and request for the appointment of the independent counsel in the particular case." 487 U.S. at 679, 108 S.Ct. at 2613 (footnote omitted). This contrasts with the Attorney General's broader referral power, which is not constrained by separation-of-powers concerns. In *United States v. Tucker,* 78 F.3d 1313, the Eighth Circuit observed that the limitation on this court's authority to define an independent counsel's jurisdiction is the result of constitutional concerns, and it concluded that the Attorney General is not similarly subject to the "demonstrably related" limitation. Based on the overlap in witnesses and in defendants between the original prosecutorial jurisdiction and the referral jurisdiction at issue, and the relationship between the originally named parties and those named in the referral, the court held, "We have no difficulty in concluding that the required relatedness between original and referral jurisdiction is present here." *Id.* at 1313. Although a matter referred by this court, rather than by the Attorney General, has to meet an apparently higher standard of being "demonstrably related," *see Morrison v. Olson,* 487 U.S. at 679, 108 S.Ct. at 2613, *Tucker* still provides useful guidance for section 594(e) referrals, and we will follow its conclusion that "relatedness for purposes of referral under § 594(e) depends upon the procedural and factual link between the OIC's original prosecutorial jurisdiction and

2. While one might ask why a referral by the court is even necessary if it merely explicates matters already under an independent counsel's jurisdiction, such clarifications can streamline threshold jurisdictional inquiries. For example,

the jurisdiction of the Independent Counsel in the *Espy* matter has already been tested in district court by forty-three motions. *See also United States v. Tucker,* 78 F.3d 1313 (8th Cir.1996).

the matter sought to be referred." *Tucker,* 78 F.3d 1313.

## C. Is the new matter sufficiently related to the IC's prosecutorial jurisdiction?

█ It remains only for us to apply our analysis to the facts before us to determine whether the new matter is demonstrably related to the factual circumstances underlying the Attorney General's original investigation and request for appointment of an independent counsel, such that it was implicitly included in IC Smaltz's original prosecutorial jurisdiction.[3] In making this determination, we bear in mind that section 594(e) indicates that the independent counsel has a role in deciding whether a referral matter relates to his or her prosecutorial jurisdiction. The section provides, "If the Attorney General refers a matter to an independent counsel on the Attorney General's own initiative, *the independent counsel may accept such referral if the matter relates to the independent counsel's prosecutorial jurisdiction.*" 28 U.S.C. § 594(e) (emphasis added). As noted in *Tucker,* 78 F.3d 1313, the independent counsel, because of his "intimate knowledge of the course of the investigation, including witness statements, and of other proceedings that may be ongoing before the grand jury," is well-situated to make the relatedness determination, as is the Attorney General when referring a matter to an independent counsel on his or her own initiative.

IC Smaltz maintains that the referral matter directly overlaps his current jurisdiction in terms of persons involved, witnesses, patterns of conduct, and applicable law, and that the factual basis of the referral matter arose directly from his investigation of whether Secretary Espy violated any federal criminal law relating in any way to the acceptance of gifts by him from organizations or individuals with business pending before the Department of Agriculture. While he concedes that the original jurisdictional mandate makes no specific mention of the precise factual matters underlying his referral request, IC Smaltz explains that they share the common

foundation of allegations of improper influence exerted in connection with items pending before the Department of Agriculture in return for favors or gifts to Secretary Espy or those close to him, suggesting an ongoing pattern of such dealings, and that certain close associates of Secretary Espy are deeply involved in all of these matters.

DOJ asserts that the matter for which IC Smaltz seeks referral is not sufficiently related to his current prosecutorial jurisdiction because the connection between the alleged wrongdoing by Secretary Espy's associates and the improper acceptance of gifts by Espy is too speculative. In DOJ's view, a referral matter must directly relate to the independent counsel's current jurisdiction or be necessary to advance the resolution of the matter already entrusted to the independent counsel. DOJ maintains that to permit referral in other circumstances gives an independent counsel unlimited jurisdiction and power to prosecute anyone whose path may have crossed that of the named subject of the investigation. The proper course in DOJ's view is for IC Smaltz to allow DOJ to investigate the new matters and determine whether to prosecute any federal offenses it may discover.

IC Smaltz's original prosecutorial jurisdiction covers the receipt of gifts by Secretary Espy from individuals or companies having business before the Department of Agriculture. Obviously, the concern motivating such an investigation is that a cabinet Secretary may have been influenced improperly to favor or intervene in the gift-givers' causes pending before his or her Department. The original jurisdiction also included the authority to investigate other allegations or evidence of criminal violations "by any organization or individual developed during the Independent Counsel's investigation referred to above and connected with or arising out of that investigation." IC Smaltz has described the factual and procedural basis connecting his original jurisdiction and the referral he seeks and supported his arguments with the affidavits

---

**3.** This discussion will necessarily be in general terms to preserve confidentiality. *See* 28 U.S.C. § 592(e).

of the agents who uncovered the new matters during their investigation.

We conclude IC Smaltz has shown that the new matter is demonstrably related to the factual circumstances that gave rise to the Attorney General's initial investigation and request for appointment of an independent counsel. He has identified evidence allegedly showing a pattern of conduct involving payments or gifts to Espy and his close associates in return for favorable treatment by the Department of Agriculture, which was developed during the IC's original investigation of Secretary Espy's acceptance of gifts from parties with business pending before the Department of Agriculture and which arose out of that investigation and is connected with it. Accordingly, we grant the application for referral of a related matter under section 594(e).

## CONCLUSION

The application of Independent Counsel Smaltz for referral of a related matter under section 594(e) of the Ethics in Government Act of 1978 is granted. The matter shall be referred to Independent Counsel Smaltz by way of the attached, sealed order.