**In re:  Alphonso Michael (Mike) ESPY**

No. 94–2.

United States Court of Appeals,
District of Columbia Circuit.

Division for the Purpose of Appointing Independent Counsels Ethics in Government Act of 1978, As Amended.

June 12, 1998.

---

Before: SENTELLE, Presiding, and BUTZNER and FAY, Senior Circuit Judges.

## ORDER

PER CURIAM.

Upon consideration of the Office of Independent Counsel's Application for Referral of a Related Matter Pursuant to 28 U.S.C. § 594(e), filed under seal on May 28, 1998, the Opposition of the United States to the Application for Referral, and the Reply of the Independent Counsel in Support of the Application, it is hereby

**ORDERED** that the application for the referral of a related matter is denied for the reasons set forth in the accompanying opinion. It is

**FURTHER ORDERED** that the underlying filings of the Independent Counsel and the Attorney General, referenced above, remain under seal.

Opinion for the Special Court filed PER CURIAM.

> On Application for Referral
> of a Related Matter

PER CURIAM:

On May 28, 1998, Independent Counsel Donald C. Smaltz submitted an application for referral of a related matter under section 594(e) of the Ethics in Government Act of 1978, as amended, 28 U.S.C. §§ 591–599 (1994) ("the Act"). For the reasons set forth below, the application is denied.

### INTRODUCTION

This court appointed Donald C. Smaltz as Independent Counsel ("IC") in the matter *In re Alphonso Michael (Mike) Espy*, 80 F.3d 501, on September 9, 1994, in response to the Attorney General's application under section 592(c)(1)(A) of the Act for the appointment of an independent counsel with the authority to investigate whether Alphonso Michael (Mike) Espy, Secretary of Agriculture, committed a violation of any federal criminal law relating in any way to the acceptance of gifts by him from organizations or individuals with business pending before the Department of Agriculture. The order appointing IC Smaltz set forth his jurisdiction as follows:

> Donald C. Smaltz ... is hereby appointed Independent Counsel with full power, independent authority, and jurisdiction to investigate to the maximum extent authorized by the Independent Counsel Reauthorization Act of 1994 whether Alphonso Michael (Mike) Espy, Secretary of Agriculture, has committed a violation of any federal criminal law, other than a Class B or C misdemeanor or infraction, relating in any way to the acceptance of gifts by him from organizations or individuals with business pending before the Department of Agriculture.
>
> The Independent Counsel shall have jurisdiction and authority to investigate other allegations or evidence of violation of any federal criminal law, other than a Class B or C misdemeanor or infraction, by any organization or individual developed during the Independent Counsel's investigation referred to above and connected with or arising out of that investigation.
>
> The Independent Counsel shall have jurisdiction and authority to investigate any violation of 28 U.S.C. § 1826, or any obstruction of the due administration of justice, or any material false testimony or statement in violation of federal criminal law, in connection with any investigation of the matters described above.
>
> The Independent Counsel shall have jurisdiction and authority to seek indictments and to prosecute any organizations or individuals involved in any of the matters described above, who are reasonably believed to have committed a violation of any federal criminal law arising out of such matters, including organizations or individuals who have engaged in any unlawful conspiracy or who have aided or abetted any federal offense.
>
> The Independent Counsel shall have all the powers and authority provided by the

Independent Counsel Reauthorization Act of 1994. It is

FURTHER ORDERED by the Court that the Independent Counsel, as authorized by 28 U.S.C. § 594, shall have prosecutorial jurisdiction to fully investigate and prosecute the subject matter with respect to which the Attorney General requested the appointment of independent counsel, as hereinbefore set forth, and all matters and individuals whose acts may be related to that subject matter, inclusive of authority to investigate and prosecute federal crimes (other than those classified as Class B or C misdemeanors or infractions) that may arise out of the above described matter, including perjury, obstruction of justice, destruction of evidence, and intimidation of witnesses.

Thereafter, IC Smaltz proceeded to conduct the investigation pursuant to our order and to additional referrals initiated by the Attorney General. In early 1996, IC Smaltz applied directly to the Court for a referral of a related matter pursuant to § 594(e) of the Act. After consideration of the application and the Attorney General's opposition, we granted that application for reasons set forth in an opinion published as *In Re Espy*, 80 F.3d 501 (D.C.Cir., Spec. Div.1996). In the matter now before us, IC Smaltz makes a new application setting forth, as in the prior one, his view that this new referral is appropriate because he has "uncovered evidence of other serious violations of law by Secretary Espy and others close to him," which "are related to the Independent Counsel's prosecutorial jurisdiction, as framed by the Special Division's order of appointment, but not specifically mentioned in his order of appointment." Again, the Attorney General has filed opposition.

Upon reviewing the application and the opposition of the Attorney General, we conclude that in the present case the Independent Counsel has not met his burden of establishing that the allegations as to which he seeks further referral are sufficiently demonstrably related to the initial grant of jurisdiction to warrant our order of referral in the face of the opposition of the Attorney General. Therefore, for the reasons more fully set forth hereinafter, we must deny this application.

## DISCUSSION

### A. Governing Principles

Section 594(e) of the Act provides:

An independent counsel may ask the Attorney General or the division of the court to refer to the independent counsel matters related to the independent counsel's prosecutorial jurisdiction, and the Attorney General or the division of the court, as the case may be, may refer such matters. If the Attorney General refers a matter to an independent counsel on the Attorney General's own initiative, the independent counsel may accept such referral if the matter relates to the independent counsel's prosecutorial jurisdiction. If the Attorney General refers any matter to the independent counsel pursuant to the independent counsel's request, or if the independent counsel accepts a referral made by the Attorney General on the Attorney General's own initiative, the independent counsel shall so notify the division of the court.

As we have previously noted, "section 594(e) gives an independent counsel a choice between asking the Attorney General or the special division for referral of a related matter and further states that either the Attorney General or the court may refer such matters." *In Re Espy*, 80 F.3d at 504. In *Espy* we held, for reasons more fully set forth therein, that this language, under appropriate circumstances, permitted the division of the court to refer related matters "to an independent counsel without the concurrence of the Attorney General," *id.* at 506, and we did so even in the face of her opposition. However, we further held that our power to make such referral is much more limited than the broad referral power ⸓f the Attorney General.

More specifically, we determined that the boundaries of our power were delineated in *Morrison v. Olson*, 487 U.S. 654, 108 S.Ct. 2597, 101 L.Ed.2d 569 (1988). The Supreme Court reminded us in that decision, "constitutional difficulties ... arise when executive duties of a non-judicial nature are imposed

on judges holding office under Article III of the Constitution." *In Re Espy*, at 507; *see also Buckley v. Valeo*, 424 U.S. 1, 96 S.Ct. 612, 46 L.Ed.2d 659 (1976). Thus, we held that the court may make referrals to the independent counsel absent the concurrence of the Attorney General only where the effect of the referral is to "interpret[ ], but not expand[ ], the independent counsel's original prosecutorial jurisdiction...." *In Re Espy*, at 507. Otherwise put, a court ordered referral is available "to make explicit the independent counsel's jurisdiction over a matter that was implicitly included in the original grant of prosecutorial jurisdiction." *Id.*

In opposing IC Smaltz's present application, the Attorney General argues that the new referral sought by IC Smaltz exceeds our constitutionally limited authority. We agree.

### B. The Current Application

We do not think it proper to set forth in this published opinion the full details of heretofore untested allegations of criminal activity on the part of Espy and others. Nonetheless, we are able to explain our reasons based on the arguments advanced by the Attorney General without making unwarranted disclosure of those allegations.

In the order appointing the independent counsel, we outlined his core jurisdiction as the authority

> to investigate ... whether [Secretary Espy] has committed a violation of any federal criminal law ... relating in any way to the acceptance of gifts by him from organizations or individuals with business pending before the Department of Agriculture.

In addition, the order gave IC Smaltz authority

> to investigate other allegations or evidence of violation of any federal criminal law ... by any organization or individual developed during the Independent Counsel's investigation ... and connected with or arising out of that investigation,

and

> to investigate any violation of 28 U.S.C. § 1826, or any obstruction of the due ad-

ministration of justice, or any material false testimony or statement in violation of federal criminal law, in connection with any investigation of the matters described above.

Finally, the order gave IC Smaltz authority

> to fully investigate and prosecute ... all matters and individuals whose acts may be related to [the] subject matter [of his appointment], inclusive of authority to investigate and prosecute federal crimes ... that may arise out of the above described matter, including perjury, obstruction of justice, destruction of evidence, and intimidation of witnesses.

■ In the application before us the Independent Counsel raises allegations concerning criminal conduct on the part of Secretary Espy and others in violation of other criminal statutes outlawing a different category of conduct and occurring on different occasions than those set forth in the grant of jurisdiction. In reviewing the prior application, we held that we could constitutionally refer new matters to an independent counsel only where such new matters are "demonstrably related to the factual circumstances underlying the Attorney General's original investigation and request for appointment of an independent counsel." *In Re Espy*, at 508; *see also United States v. Tucker*, 78 F.3d 1313, 1321 (8th Cir.1996). While the Independent Counsel advances the proposition that the matters are related because of the common prospective subject (Espy), the common concern for misconduct by a high official and the potential presence of eight unnamed common witnesses, we cannot, given our constitutionally delineated authority, conclude that the power to investigate these otherwise unrelated allegations is implicit in the original grant of authority.

As the Attorney General argues, in her opposition, the original grant of authority rested on allegations that Secretary Espy had accepted gifts from organizations and individuals with business pending before the Department of Agriculture. The special division appointed Smaltz to investigate whether the Secretary committed violations of federal criminal laws relating to such acceptance of gifts. The facts alleged in the present appli-

cation do not involve any alleged misuse of the office of Secretary of Agriculture by Espy, any acceptance of payments or gifts from persons having business with that Department, or any similar pattern of conduct.

We therefore agree with the Attorney General that the current application seeks an appointment beyond the authority of this court.

## CONCLUSION

For the reasons set forth above, we conclude that this court lacks the authority to grant the referral sought by Independent Counsel Smaltz over the opposition of the Attorney General. We therefore deny the application by way of the attached order.